**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6762**

JOHN SHOVER,

　　　　　　Plaintiff - Appellant,

　　　v.

REGINA CHESTNUT; DOCTOR MICHAEL MORAN; DONNA REYNOLDS,
Head Nurse, Middle River Regional Jail,

　　　　　　Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Norman K. Moon, Senior District Judge.  (7:18-cv-00202-NKM-JCH)

Submitted:  January 28, 2020　　　　　　　　　　Decided:  February 5, 2020

Before MOTZ, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mario B. Williams, Andrew R. Tate, NDH LLC, Atlanta, Georgia, for Appellant.  Rosalie Fessier, TIMBERLAKE, SMITH, THOMAS & MOSES, P.C., Staunton, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Shover appeals from the district court's order granting summary judgment to Regina Chestnut on Shover's claims of deliberate indifference to his serious medical needs under 42 U.S.C. § 1983 (2018). Shover asserted that, from July 25 until September 1, 2016, while incarcerated as a pretrial detainee at the Middle River Regional Jail (MRRJ), Chestnut failed to provide him a cane and/or move him to a lower tier or safer cell, even though he had a nerve condition in his legs and feet. Shover claimed that, as a result, he sustained an injury when he fell on the stairs on September 1, 2016. After a review of the briefs and joint appendix, we affirm.

We review an award of summary judgment de novo, drawing reasonable inferences in the light most favorable to the non-moving party. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 283 (4th Cir. 2004). Summary judgment is appropriate "if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The initial burden is on the party moving for summary judgment to demonstrate the absence of any disputed facts material to the disposition of the case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the burden is met, the non-moving party must demonstrate through the pleadings and subsequent discovery materials that a genuine issue for trial does exist. *Id.* at 324. The mere existence of some factual dispute will not defeat an otherwise properly supported motion for summary judgment; rather "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

We review claims of denial of medical care suffered by pretrial detainees under the deliberate indifference standard. *Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001). For a plaintiff to prevail on a claim of deliberate indifference to serious medical need, the plaintiff must first demonstrate that the injury suffered is both apparent and serious. *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). The plaintiff must then demonstrate deliberate indifference on the part of the defendants, which can be established by showing that the medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990).

"Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." *Grayson*, 195 F.3d at 695. We have held that "two slightly different aspects of an official's state of mind . . . must be shown in order to satisfy the subjective component in this context. First, *actual knowledge of the risk of harm* to the inmate is required;" second, "the officer must *also* have recognized that *his actions were insufficient* to mitigate the risk of harm to the inmate arising from his medical needs." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks and citations omitted) (emphasis in original). Moreover, "an inadvertent failure to provide adequate medical care" does not satisfy the standard, and thus mere negligence in diagnosing or treating a medical condition is insufficient. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Instead, officials must evince an inappropriate response to a "serious" medical condition or act intentionally to delay or deny the prisoner access to adequate medical care. *Id.* at 104-05.

3

Here, we conclude that Shover failed to demonstrate that Chestnut was deliberately indifferent to his serious medical needs. The record does not reflect that Chestnut was aware of Shover's alleged need for different housing and/or a cane until August 26, when she promptly inquired with the officer in charge of housing about changing Shover's cell to bottom tier. Importantly, Shover had been seen by a physician's assistant on August 24, and there is no indication that he asked for a cane or a cell change; in any event, the physician's assistant did not make any recommendations for such. While Shover complained, after August 26, of pain and the need for additional medications, the record reflects that he did not inform Chestnut that his cell had not been changed and he did not again request a cane. Though Shover may have hoped that Chestnut would follow up on his cell change or actively research his medical history, the lack of such actions, without more, is insufficient to demonstrate deliberate indifference. *See Winkler v. Madison Cnty.*, 893 F.3d 877, 891-92 (6th Cir. 2018) (noting that, while nurse's failure to gather further information and provide more detailed instructions was not the most "prudent approach," it did not rise to the level of deliberate indifference); *see also Iko,* 535 F.3d at 241-42 (holding that deliberate indifference requires a showing that defendants "must have actually known that that their response was inadequate"). Because Shover fails to demonstrate that Chestnut acted with deliberate indifference to his medical needs, the district court correctly decided this issue.

On appeal, Shover contends that Chestnut's response was inadequate because she failed to follow up on it and because there was a formal procedure in place to request that a prisoner be moved and Chestnut failed to take the necessary steps. However, the

4

undisputed evidence in the record shows that Chestnut's request was a method of moving a prisoner that had been used before and that was accepted as appropriate. Moreover, there is no evidence that Chestnut was aware that her request had not been implemented. While following up on the issue may have been more prudent and reasonable, the record simply does not support the conclusion that Chestnut was aware that her actions were insufficient.

Next, Shover asserts that the district court should have imputed knowledge of offender requests that were not part of Shover's medical records to Chestnut. However, the record does not support the conclusion that offender requests to other departments would have been shared with medical in the general course of business. Moreover, even if the offender requests were somehow forwarded to medical, there is no evidence that Chestnut was aware of them.

Finally, Shover contends that Chestnut was aware of his medical condition because she admitted that it was possible that she reviewed his intake form. However, knowledge of the intake information, which included Shover's reports of nerve damage and use of a cane, would not change the summary judgment analysis, given that Shover did not request a cane in his medical complaints. Moreover, as discussed above, Chestnut was aware that Shover had been seen by the physician's assistant, and she was entitled to rely on the physician's assistant's conclusions, given that she had no reason to believe that the physician's assistant did not adequately address Shover's complaints.

Therefore, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*